# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Magistrate Jerry Fletcher Rivers of Florence County Magistrate's Court, Respondent.

Appellate Case No. 2021-000305

---

Opinion No. 28049
Submitted June 21, 2021 – Filed August 11, 2021

---

## DEFINITE SUSPENSION

---

Disciplinary Counsel John S. Nichols and Deputy Disciplinary Counsel Carey Taylor Markel, both of Columbia, for the Office of Disciplinary Counsel.

Jerry Fletcher Rivers, of Florence, Pro Se.

---

**PER CURIAM:**  In this judicial disciplinary matter, Respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement (RJDE) contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to the imposition of up to a six-month definite suspension, and agrees to complete anger management counseling.  We accept the Agreement, suspend Respondent from office for six months, and require Respondent to complete anger management counseling.  The facts, as set forth in the Agreement, are as follows.

## I.

On May 14, 2020, the Chief Magistrate for Florence County scheduled a meeting with the magistrates and clerks to discuss the Covid-19 safety plan for re-opening magistrates' courts to the public in accordance with this Court's April 30, 2020 Order concerning Statewide Evictions and Foreclosures.  During the meeting,

Respondent began asking questions repeatedly, speaking in a loud voice and challenging the Chief Magistrate's Covid-19 safety plan for reopening. As the meeting continued, Respondent became visibly agitated, reading aloud portions of the April 30, 2020 Order and challenging the Chief Magistrate's implementation plan. At one point during the meeting another magistrate in attendance told Respondent to follow the Chief Magistrate's direction. Due to Respondent's continued disruptions, the Chief Magistrate apologized to the other meeting attendees and adjourned the meeting prematurely without completing the agenda.

After the meeting concluded, Respondent exited the meeting room and confronted the magistrate who suggested he follow the Chief Magistrate's directions. Respondent expressed his displeasure and told the other magistrate not to disrespect him again. Respondent then returned to the meeting room where the Chief Magistrate had begun to gather her personal belongings. When the Chief Magistrate turned to leave the room, she was startled to see Respondent, who was hitting his hands together and loudly requesting that going forward the Chief Magistrate should show him respect. The Chief Magistrate grew concerned for her physical well-being. The following day, she reported the incident to the Office of Disciplinary Counsel.

Approximately a month later, Respondent told a Florence County clerk that the Chief Magistrate "does not know who she is dealing with and she will regret doing this," in reference to the complaint submitted to Disciplinary Counsel. Thereafter, Respondent was placed on interim suspension. *In re Rivers*, S.C. Sup. Ct. Order dated July 10, 2020.

## II.

Respondent admits he acted inappropriately during the May 14, 2020 meeting; during his interaction with his fellow magistrate and the Chief Magistrate after the meeting; and when he spoke to the clerk the following month. Respondent recognizes that his concerns regarding Covid-19 do not excuse his behavior and that his disruptive behavior reflected poorly on his professional judgment and temperament.

Respondent acknowledges that his conduct violates the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 2 (providing a judge shall avoid impropriety and the appearance of impropriety) and Canon 3C(1) (providing a judge shall diligently discharge administrative duties and cooperate with other judges and court officials in the administration of court business). Respondent also

concedes that his misconduct constitutes grounds for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR (establishing that a violation of the code of Judicial Conduct shall be a ground for discipline). Respondent consents to the imposition of up to a six-month suspension and requests that the sanction be imposed retroactively. Disciplinary Counsel does not oppose that request.

## III.

We accept the Agreement for Discipline by Consent and suspend Respondent from office for six months retroactive to July 10, 2020, the date of his interim suspension. Further, Respondent shall complete anger management and comply with all requirements set forth in this opinion prior to resuming the performance of his judicial duties. Respondent must submit his choice of counselor to the Commission on Judicial Conduct prior to beginning counseling. Respondent should complete at least fifteen hours of anger management counseling; however, should Respondent's chosen counselor determine that more than fifteen hours of counseling are necessary, Respondent shall complete the number of hours recommended by the counselor. After completion of his counseling, Respondent shall provide proof of completion to Court Administration and the Commission on Judicial Conduct, and Respondent's counselor shall submit a report to the Commission on Judicial Conduct detailing Respondent's treatment and progress. Failure to comply with and complete anger management counseling will be grounds for further discipline. Within thirty days, Respondent shall pay or enter into a reasonable payment plan to repay the costs incurred in the investigation of this matter by Disciplinary Counsel and the Commission on Judicial Conduct.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**